■ In the Matter of ALL-STATE CREDIT CORPORATION, Appellant, v. DANIEL F. MCMAHON, as Sheriff of Westchester County, Respondent.— In a proceeding pursuant to article 78 of the CPLR in the nature of mandamus to compel respondent to remit moneys collected upon income executions issued to him by petitioner, the appeal is from an order of the Supreme Court, Westchester County, dated June 9, 1970, which denied the application. Order affirmed, without costs. The remedy in the nature of mandamus is a discretionary one that will be granted to prevent a failure of justice, but never to promote a manifest injustice or to compel compliance with the strict letter of the law in disregard of its spirit and in aid of a palpable fraud (*People ex rel. Wood* v. *Board of Asesssors*, 137 N. Y. 201). Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of ANTHONY J. MUNNA et al., Respondents, v. VINCENT LA SALLA et al., Appellants.— In a proceeding (1) to transfer an action to recover damages for personal injuries, etc., from the Civil Court of the City of New York, Kings County, to the Supreme Court, Kings County, (2) to increase the *ad damnum* clauses of the complaint and (3) to amend the plaintiffs' (petitioners') bill of particulars, the appeals are from an order of the Supreme Court, Kings County, dated March 8, 1971, which granted the application. Order reversed, on the law, without costs, and application denied. No facts were presented which had recently come to the attention of petitioners to justify the granting of the application. Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of ANNA ROLINSKI et al., Respondents, v. BENJAMIN ALTMAN, as Commissioner of Housing of the Department of Rent and Housing Maintenance, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to annul a determination of appellant Altman, the New York City Rent Commissioner, revoking a certificate of eviction, the appeals are from a judgment of the Supreme Court, Queens County, entered January 6, 1971, which granted the application. Judgment reversed, on the law, without costs; petition dismissed on the merits; and determination of appellant Commissioner confirmed. In our view there existed a rational basis in the record for the Commissioner's finding that there was no " immediate and compelling necessity " to evict appellant Lebwohl. Accordingly, the learned Special Term ought not have substituted its judgment for that of the Commissioner. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.