■ In the Matter of GEORGE GELLER, Respondent, and 1980 FRUIT FARM, INC., Intervenor-Respondent, v ANTHONY VETERAN, as Supervisor of the Town of Greenburgh, et al., Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* to direct the Commissioner of Public Works of the Town of Greenburgh to restore water and sewer service to petitioner and his tenant, intervenor 1980 Fruit Farm, Inc., respondents appeal from a judgment of the Supreme Court, Westchester County, dated January 28, 1975, which granted the petition and, *inter alia,* directed respondents to restore water and sewer service to petitioner. Judgment modified, on the law and in the exercise of discretion, by adding thereto the following decretal provision: "Ordered, Adjudged and Decreed that any of the parties to this proceeding may hereafter apply for a modification or amendment of this judgment further to carry out the purpose and intent thereof." As so modified, judgment affirmed, without costs. Although mandamus relief is classed as a legal remedy, equitable principles largely control its issuance *(Matter of Coombs v Edwards,* 280 NY 361, 364; *Matter of All-State Credit Corp. v McMahon,* 37 AD2d 779). We agree with Special Term's determination that equity required the restoration by the Town of Greenburgh to petitioner and his tenant of water and sewer facilities (cf. *Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174; *Board of Educ. of North Colonie Schools, Newtonville v Levitt,* 42 AD2d 372; *Matter of All-State Credit Corp. v McMahon,* 37 AD2d 779, *supra).* The record supports Special Term's findings that the town's officials had, during December, 1973 and January, 1974, authorized petitioner to extend, for the servicing of his building in the City of Yonkers contiguous to his property in Greenburgh, the water and sewer pipes which had theretofore been installed with Greenburgh's approval in Greenburgh;

and that, after the completion of such extension by petitioner and after his tenant had moved into the contiguous building, Greenburgh repudiated its officials' prior consent. Special Term appropriately molded the relief granted in the judgment under review to the exigencies of this case by directing that petitioner pay to Greenburgh a reasonable charge for his use of the facilities, and directing that Greenburgh, through its Town Supervisor, comply with the necessary formality to obtain New York City's written consent for the above use of Greenburgh's water facilities (cf. *Matter of Galewitz,* 3 AD2d 280, 286, affd 5 NY2d 721). However, the circumstances of this unusual case indicate that Special Term may be required to render further relief in this matter depending on future problems that may arise. For example, there may be a dispute as to the amount that is the reasonable charge to be paid by petitioner for his use of the subject facilities; or there may be a problem concerning the nature and extent of the written consent which New York City indicated it would give for the use of its water, furnished to Greenburgh and to be used by petitioner. Thus, we deem it appropriate and necessary to permit any of the parties affected by the judgment under review to apply to Special Term for an amendment or modification thereof to implement and carry out its purpose. The provision which we are adding herein to the judgment preserves the rights of any affected party to obtain any further appropriate relief thereunder (cf. *State of New York v Ole Olsen, Ltd.,* 35 NY2d 979). Rabin, Acting P. J., Martuscello, Christ, Munder and Shapiro, JJ., concur.