■    In the Matter of GEORGE GELLER, Respondent, v KEVIN O'NEILL, as Commissioner of Public Works of the Town of Greenburgh, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to restrain the appellants from disconnecting sewer service to petitioner's property pending the fixing of a reasonable sewer hook-in fee, the appeal is from a judgment of the Supreme Court, Westchester County, dated May 20, 1976, which, after a nonjury trial, (1) granted the petition, (2) determined that the sewer hook-in fee of $229,000 levied by the Town Board of the Town of Greenburgh was arbitrary, unreasonable, exorbitant and invalid and (3) remanded the matter to the town board to fix a reasonable hook-in fee. Judgment affirmed, with costs. The circumstances of this case are indeed unusual. Petitioner's property consists of two contiguous parcels bisected by the boundary line between the Town of Greenburgh and the City of Yonkers. This court, by an earlier decision *(Matter of Geller v Veteran,* 49 AD2d 574), has already found that the town officials had authorized a sewer hook-in to petitioner's building in Yonkers, and we did not allow service to

be disconnected. By letter dated August 12, 1975, the town board notified petitioner that a fee of $229,000 was to be levied, based on the excessive water consumption on the premises. Since the hearing on the issue of a reasonable sewer hook-in fee, appellants have decreased their demand to $32,500, based upon a drastic reduction in water consumption. Petitioner claims that this is due to the fact that a certain tenant vacated the premises, and assures further reduction in the future. In view of these circumstances, appellants may not claim the benefit of section 198 (subd 1, par [f]) of the Town Law, which allows a town board to contract to dispose of sewage from property outside of a sewer district (see 15 Opns St Comp, 1959, p 99; 4 Opns St Comp, 1948, p 83). No actual contract was entered into, nor was petitioner given an estimate of such fee prior to the hook-in. In effect, he was treated as though his entire property were located in the sewer district. Therefore, the only applicable provision is section 198 (subd 1, par [h]) of the Town Law, which pertains to property located within the sewer district. This disposition does not of course pass upon any yearly charge. Such charges should be determined by agreement of the parties. Hopkins, J. P., Margett, Damiani and Rabin, JJ., concur.