■  1980 FRUIT FARM, INC., et al., Respondents, v TOWN OF GREENBURGH et al., Appellants.—In an action, *inter alia,* to recover damages allegedly sustained when the Town of Greenburgh discontinued water and sewer service to premises leased by plaintiff 1980 Fruit Farm, Inc., defendants appeal from an order of the Supreme Court, Westchester County, dated January 5, 1977, which granted plaintiffs' motion for partial summary judgment as to the first cause of action. Order reversed, on the law, with $50 costs and disbursements, and motion denied. The prior CPLR article 78 proceeding to compel the Town of Greenburgh to restore water and sewer service to property owned by one Geller and leased by 1980 Fruit Farm, Inc. *(Matter of Geller v Veteran,* 49 AD2d 574) did not finally determine the issue of the town's liability for damages occasioned by the discontinuance of such service. Geller owns contiguous parcels within the town and the City of Yonkers. The property leased by 1980 Fruit Farm, Inc., is located on that part of Geller's property which is within the city. The prior determination that the town's discontinuance of water and sewer service was arbitrary and capricious, or that it was equitably estopped from repudiating its officials' prior approval of Geller's then unauthorized extension of the pipes across the town line, did not establish, without more, the town's civil liability for damages (cf. *Matter of Charles v Diamond,* 41 NY2d 318, 332; *Rottkamp v Young,* 21 AD2d 373, affd 15 NY2d 831; *Lockwood v Village of Buchanan,* 18 Misc 2d 862). We also note that the record raises issues of fact as to proximate cause. Latham, J. P., Cohalan, Rabin and Hawkins, JJ., concur.