James G. Sweeney, Esq. County Attorney, Orange County
This is in reply to your letter of July 18, 1979, in which you seek this office's opinion as to whether a "`Charter County' by charter amendment alone, may transfer the function of administration and operation of its jail from the Sheriff to a County Commissioner of Corrections".
I note that you have indicated that the Orange County Charter, § 17.02 imposes upon the Sheriff all the powers and duties, both criminal and civil allowed or imposed upon him "by law".
New York State Constitution, Article XIII, § 13, provides that the Office of Sheriff is a constitutional office. However, it is clear that this provision confers no right, duty or authority upon sheriffs to maintain, operate and control county jails (see McNulty v Chinlund,62 A.D.2d 682 [3d Dept, 1978]). Rather, the custody and control of the county jails is conferred upon sheriffs by section 500-c of the Correction Law. That section of the Correction Law, with two exceptions discussed hereafter, clearly places the custody of the county jails under the Sheriff.
Section 22 (2) of the Municipal Home Rule Law provides that "no local law shall supersede any provision of state statute except as authorized by the Constitution, this chapter or any other state statute".
Article 4 of the Municipal Home Rule Law, Part 1, "The County Charter Law", sets out in section 33 (1) that "subject to restrictions in the constitution, in this article or in any other applicable law, the board of supervisors of any county * * * shall have power to * * * amend * * * a county charter." Additionally, subdivision 4 (a) of that section provides that the County Charter may "[a]ssign executive or administrative functions, powers and duties to elective or appointive officers".
Section 34 of the Municipal Home Rule Law provides for limitations and restrictions on the powers of counties "to prepare, adopt and amend county charters * * *". Specific restrictions on superseding general or special laws in enumerated categories and statutes are provided therein. There is no provision under that statute which would prohibit a charter amendment pertaining to the Correction Law of the State of New York (see Municipal Home Rule Law, § 34 [3] [g]).
I am aware of New York State Constitution, Article IX, § 2, subd. c (1) which provides:
 "In addition to powers granted in the statute of local governments or any other law, (i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government * * *."
However, Matter of Helmbach v Mills, 67 A.D.2d 731 (2d Dept, 1979) has determined that this provision of the New York State Constitution
 "* * * is concerned with all units of local government and its focus is on general local legislative power, not charters or alternate forms of county government." (Emphasis supplied.)
Accordingly, this provision is not dispositive of the question herein. Article IX, § 1 (h) (2) of the New York Constitution does provide, however, that any amendment to county charters
 "* * * which * * * transfers to another county officer or agency any power of an elective county officer * * * shall be subject to a permissive referendum * * *."
Section 34, subdivision 4 of the Municipal Home Rule Law further provides that any charter law which transfers to another county officer or agency any power of an elective county officer, is subject to a permissive referendum or a referendum on petition if the County Legislature so decides.
Thus, it is my opinion that there exists no prohibition against a charter county by charter amendment alone transferring the function of administration and operation of its jail from the Sheriff to a County Commissioner of Corrections.
In reaching this decision I am aware that in two instances where charter amendments have been enacted to transfer the function of administration and operation of jails from the Sheriff to a Commissioner of Corrections, concomitant State legislation has been enacted in Correction Law, § 500-c. Noteworthy in this regard is the fact that Correction Law, § 500-c may be considered special legislation due to these two exceptions. (See, Matter of Smithtown v Howell, 31 N.Y.2d 365 [1972].) In any event, in reaching my determination I have taken into consideration the fact that section 35 (3) of the Municipal Home Rule Law provides for liberal construction of the County Charter Law and Article IX, § 3, subd. (c) of the New York State Constitution provides that the rights and powers granted to local governments "shall be liberally construed".