■ JOHN J. MCNULTY, JR., as Sheriff of Albany County, et al., Appellants, v STEPHEN CHINLUND et al., Constituting the New York State Commission of Correction, Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered June 2, 1981 in Albany County, which granted defendants' motion for partial summary judgment. In June, 1976, defendants promulgated, pursuant to subdivision 6 of section 45 of the Correction Law, certain rules and regulations covering six different subject areas concerning county jails, one of which involved contact visitation (9 NYCRR Part 7008). Plaintiffs, 51 County Sheriffs in New York State, commenced this action on November 19, 1976 seeking declaratory and injunctive relief with respect to those regulations. A preliminary injunction against the enforcement of the regulations was in effect, having been granted by order of Special Term as to some of the regulations and extended by this court as to the other

regulations (*McNulty v Chinlund,* 62 AD2d 682). After defendants served an answer on April 6, 1979, they made the instant motion for partial summary judgment on the issue of defendants' regulations governing contact visitation for *all* prisoners in facilities under plaintiffs' jurisdiction. Special Term granted the motion on the ground that the Court of Appeals decision in *Cooper v Morin* (49 NY2d 69, cert den *sub nom. Lombard v Cooper,* 446 US 984) resolved any triable issue of fact which may exist. Special Term's judgment also dissolved the preliminary injunction. However, plaintiffs took the instant appeal and obtained an automatic stay (CPLR 5519, subd [a], par 1), which this court refused to vacate. The sole issue upon appeal is whether the decision in *Cooper v Morin* (*supra*) resolved all issues of fact which this court found to exist in the present case with respect to contact visitation regulations (see *McNulty v Chinlund, supra*). We find, contrary to defendants' position, that *Cooper* is not controlling. Briefly, in *Cooper,* female detainees in the Monroe County jail challenged that jail's rule which limited them to noncontact visits. The Court of Appeals rejected this local rule, holding that *pretrial detainees* are entitled to contact visits of reasonable duration as a matter of State constitutional right. Further, the Court of Appeals dismissed Monroe County's argument that financial considerations justified the rule (*Cooper v Morin, supra,* pp 81-82). However, *Cooper* did not concern or address the validity of 9 NYCRR Part 7008, which is, *inter alia,* the subject of the present action. Moreover, *Cooper* did not hold that maintenance of security is, as a matter of law, an insufficient basis for denial of contact visits. *Cooper* held that a policy of noncontact visitation with respect to pretrial detainees is unreasonable unless supported by a strong showing of necessity. In this regard, the Court of Appeals merely found that financial considerations alone could not amount to such a showing. Thus, *Cooper* does not overrule this court's prior observation in the instant case that: "[t]he plaintiffs in their complaint have * * * alleged facts which, if proven, establish that the regulations adopted by the defendants create grave security risks, financial hardships, health and fire hazards. Administrative agencies can only promulgate rules to further the implementation of the law as it exists, and they have no authority to create a rule out of harmony with the statute or statutes being implemented (*Matter of Jones v Berman,* 37 NY2d 42). Under the allegations of the complaint, it is possible that the plaintiffs may establish facts indicating that certain parts of the regulations conflict with their statutory duty of safekeeping of prisoners confined to their custody." (*McNulty v Chinlund,* 62 AD2d 682, 688, *supra.*) The judgment must, therefore, be reversed. Judgment reversed, on the law, with costs, and motion for partial summary judgment denied. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.