OPINION OF THE COURT
Harold J. Hughes, J.
In this proceeding, the New York State Commission of Correction, a three-member body appointed by the Governor, seeks judgment compelling Broome County, and its Sheriff, to build an outdoor recreation area for inmates of the Broome County Jail, located in downtown Binghamton, and to transport inmates to the county’s other jail facility, the Front Street facility, for daily recreation while the new outdoor recreation area is being built.
Through section 217 of the County Law, the Legislature has mandated that each county shall maintain a county jail. By section 500-c of the Correction Law, the same body has given custody and control of the county jails to Sheriffs. Subdivision (6) of section 45 of the Correction Law authorizes the Commission of Correction to promulgate, "rules and regulations establishing minimum standards for the care, custody, correction, treatment, supervision, discipline, and other correctional programs for all persons confined in correctional facilities”. Pursuant to that authority, the Commission has adopted 9 NYCRR 7028.2 which requires county jails, as a minimum, to establish indoor play areas of sufficient size to enable prisoners to engage in billiards, table tennis, movies, arts and crafts programs, and other recreational activities. The regulation further requires county jails to provide an outdoor play area of a minimum of 1,500 square feet to enable prisoners to engage in basketball, jogging, handball, weightlifting, calisthenics and other active recreation. Each prisoner must be allowed to use the recreation areas for a minimum of one hour per day.
Broome County has two jail facilities, the Broome County Jail located adjacent to the courthouse in downtown Binghamton, and a newer facility known as the Jail Barracks. While *1089 the barracks can meet the outdoor playground requirement of 9 NYCRR 7028.2, the jail, because of space limitations, cannot. Moreover, Sheriff Ruffo contends that he does not have the funds to transport the prisoners on a daily basis to the barracks so that they can use its recreation area. The Commission’s response is this lawsuit in which the primary contention is set forth in paragraph 61 of the petition as follows: "The Respondents * * * have failed to provide outdoor recreation for one hour each day for inmates in the Broome County Jail mandated pursuant to 9 NYCRR Part 7028; the eighth and fourteenth amendments to the U.S. Constitution, and Article 1, Sections 5 and 6 of the New York State Constitution”.*
Respondents concede their failure to provide an outdoor recreation area at the county jail, and, instead, attack the regulation and the statute authorizing it. Additionally, the respondents have moved to convert the proceeding to an action, and raise as an affirmative defense that the petition fails to state a viable claim against respondents Young, Lacatena, and the Broome County Legislature. That motion and defense will be addressed first.
Petitioner’s response to the dismissal motion is that the proceeding is in the nature of mandamus to compel public officials to perform a duty enjoined by law and is specifically authorized by subdivision (4) of section 46 of the Correction Law. In Martin v City of Cohoes (37 NY2d 162, 165), the Court of Appeals stated that, "parties to a civil litigation, in the absence of a strong countervailing public policy, may consent, formally or by their conduct, to the law to be applied”. Here, the affirmation of Assistant Attorney-General Martha Keeler Macinski, dated May 11, 1988, and her memorandum of law of the same date, establishes that the Commission is limiting this proceeding to one in the nature of mandamus brought pursuant to subdivision (4) of section 46 of the Correction Law, and there is no strong countervailing public policy prohibiting the Commission from so doing. With that in mind, subdivision (4) of section 46 must be examined to see if it places a duty upon County Executive Young, Broome County Legislative Chairman Lacatena, and Broome County or its Legislature. The statute provides in pertinent part as follows: "In any case where any rule or regulation promulgated by the commission *1090 pursuant to subdivision six of section forty-five or the laws relating to the construction, management and affairs of any correctional facility or the care, treatment and discipline of its inmates, are being or are about to be violated, the commission shall notify the person in charge or control of the facility of such violation, recommend remedial action, and direct such person to comply with the rule, regulation or law, as the case may be. Upon the failure of such person to comply with the rule, regulation or law the commission may apply to the supreme court for an order directed to such person requiring compliance with such rule, regulation or law. Upon such application the court may issue such order as may be just and a failure to comply with the order of the court shall be a contempt of court and punishable as such”. (Emphasis supplied.)
The only person against whom a special proceeding is authorized by subdivision (4) of section 46 of the Correction Law is the "person in charge or control of the facility”. The issue then distills as to which of the respondents has charge and control of the Broome County Jail. That question has been answered by the Third Department in McNulty v Chinlund (62 AD2d 682, 687), as follows: "The function of maintaining county jails was imposed upon each county by the Legislature pursuant to section 217 of the County Law, and custody and control of the county jails was conferred upon the Sheriffs by section 500-c of the Correction Law”. (Emphasis supplied.)
Thus, Sheriffs have custody and control (charge) of county jails. Hence, a county, its legislature and county executive, not having charge or control of the facility, is not a person against whom a proceeding is authorized by subdivision (4) of section 46 of the Correction Law, and the petition must be dismissed as to those respondents. That 'is not to say that a county has no obligation to maintain a county jail as required by section 217 of the County Law, but the duty of providing maintenance is a far cry from having control or charge. Moreover, the Commission expressly recognized at page 27 of its 1973 Annual Report that while it could close jails that were unsafe, unsanitary or inadequate, "there is no statutory provision under which the Commission can compel the authorities of a county or municipality to construct a new facility”.
With Sheriff Ruffo the only remaining respondent, it is time to turn to the merits. The primary contention raised in *1091 the answer is that the delegation by the Legislature to the Commission of Correction of rule-making power pursuant to subdivision (6) of section 45 of the Correction Law is invalid because it fails to contain adequate guidelines. That position was considered and rejected in McNulty v Chinlund (supra, at 688), and that result will be adhered to. The next defense, that 9 NYCRR part 7028 greatly exceeds any minimum standard of care of jail inmates, is equally unavailing. While this court would not agree with a constitutional right to play basketball one hour a day, or to have an outdoor playground, the decision of the Commission that New York State, at a minimum, should afford some degree of recreation to prison inmates is not irrational. The third affirmative defense, contending that the Commission does not have the power to promulgate rules pertaining to the physical plant of an existing jail facility, lacks merit. The statute most certainly does authorize rules pertaining to the physical plant. Petitioner’s misapprehension is with what' remedy it has if those rules are not complied with. The Commission’s statutory remedy is set forth in subdivision (8) of section 45 of the Correction Law, and is to close any correctional facility that is unsafe or inadequate because it does not meet the standard set forth in the Commission’s rules or regulations. The Commission’s own reading of its enabling statutes to the effect that it has no statutory authority to compel a county to construct a new facility, and by implication, to undertake major renovation of an old facility, is correct (see, 1973 Annual Report of State Commn of Correction, at 27). The court has considered respondent Ruffo’s remaining defenses and find they lack merit.
The next question is what remedy is available. Since Sheriff Ruffo is not authorized by law to build a new jail, or to raise taxes to fund a major renovation, he cannot be ordered to do that which is not within his power as an elected Sheriff. Thus, petitioner’s relief will be limited to directing Sheriff Ruffo to transport prisoners from the Broome County Jail to the Front Street facility each day and allow each inmate one hour of outdoor recreation. The Commission’s remedy in the event of noncompliance would be an application to hold Sheriff Ruffo in contempt, or to pursue a criminal charge. The Commission’s other recourse is to take proceedings to close the Broome County Jail due to the failure to provide a playground for prisoners.
The motion of the respondents for an order converting the proceeding to an action will be denied, without costs. The *1092 petition shall be dismissed as to respondents Young, Lacatena, the Broome County Legislature, and the County of Broome, for failure to state a cause of action under subdivision (4) of section 46 of the Correction Law. The petition will be granted, to the extent of ordering that Anthony Ruffo, in his capacity of Sheriff of Broome County, transport prisoners from the Broome County Jail to the Front Street facility each day and permit each prisoner one hour of use of the outdoor playground, not including traveling time. In all other respects the petition will be denied, all without costs to any party.

 Apparently, the Commission has foreseen that prison inmates have a constitutional right to participate in recreational sports.