■ In the Matter of NEW YORK STATE COMMISSION OF CORRECTION, Respondent-Appellant, v ANTHONY RUFFO, as Sheriff of Broome County, Appellant-Respondent, and CARL YOUNG, as County Executive of Broome County, et al., Respondents.— Per Curiam. Appeal from a judgment of the Supreme Court (Hughes, J.), entered August 1, 1988 in Albany County, which, in a proceeding pursuant to CPLR article 78, *inter alia,* dismissed the petition against certain respondents and directed respondent Sheriff of Broome County to provide outdoor recreation to inmates of the Broome County Jail.

The Broome County Jail facility, located adjacent to the courthouse in the City of Binghamton, does not have outdoor recreation facilities for prisoners. Respondent Sheriff of Broome County contends that he does not have funds to transport prisoners on a daily basis to the Broome County Jail barracks to use its recreation area. Such a plan had been proposed by respondents as an intermediate answer to the recreation problem and approved by petitioner, but was subsequently withdrawn by respondents as unfeasible because of financial and security constraints. Petitioner commenced this CPLR article 78 proceeding against respondents alleging that they (1) failed to provide outdoor recreation for one hour each day for inmates of the county jail as mandated by 9 NYCRR part 7028, promulgated pursuant to Correction Law § 45, (2) failed to respond and to implement petitioner's directive of July 17, 1986 regarding the provision of outdoor recreation, and (3) failed to either comply with plans proposed by respondents for the transportation of inmates of the county jail to the barracks for daily recreation or to construct the outdoor recreation facility at the county jail as proposed by respondents and approved by petitioner in August 1987.

In their answer, respondents have conceded their failure to provide an outdoor recreation area. They contend however, that 9 NYCRR part 7028 is invalid and unlawful. As an affirmative defense, respondents contend that the petition fails to state a viable claim and, therefore, seek dismissal of the proceeding. Finally, respondents moved to convert the proceeding to an action.

Supreme Court found that petitioner's proceeding was couched in terms of relief sought pursuant to Correction Law

§ 46 (4) and that it was appropriately denominated by petitioner as a special proceeding in the nature of mandamus. However, the court dismissed the proceeding against all respondents except the Sheriff and ordered him to supply outdoor recreation for inmates of the county jail by transporting them to the barracks for exercise. These cross appeals by petitioner and the Sheriff ensued.

Petitioner contends that it never intended to restrict itself to relief under Correction Law § 46 (4) and that the nature of the proceeding is a CPLR article 78 proceeding to force respondents to conform to the mandate of the law, that is, to provide recreation for inmates as required under the Correction Law and the rules and regulations promulgated thereunder. Petitioner also seeks a reinstatement of the proceeding against all respondents so as to be able to secure relief pursuant to CPLR article 78. The intent of the proceeding, it is averred, is to meet Federal minimum jail requirements.

We concur. The petition is couched in terms of a CPLR article 78 proceeding. The object of the proceeding is to compel action by a public body or officer, in this case various public officials and entities within Broome County. The person or body whose conduct is to be controlled is an indispensible party to the proceeding. The public officer who should be made a respondent is the one upon whom rests the duty, the performance of which is sought to be compelled (see, 24 Carmody-Wait 2d, NY Prac § 145:265, at 64). In the instant circumstances, the Sheriff is responsible for the safekeeping of inmates committed to his custody under Correction Law § 500-c, while the county is obligated to provide and maintain the jail building under County Law § 217. Respondent County Executive is mandated under Alternative County Government Law § 155 to implement and comply with the laws of New York State. Respondent chairperson of the county legislature is to make recommendations on legislation to the county legislature (see, County Law §§ 450, 150-a). All are appropriate parties in this proceeding. The petition further states that petitioner is empowered, pursuant to Correction Law § 45 (6), to promulgate rules and regulations establishing minimum standards for the care, custody, correction, treatment, supervision, discipline and other correctional programs for all persons confined in correctional facilities and that, pursuant to the statute, such rules have been promulgated. It is further alleged that respondents have failed to comply with the rules in failing to afford prisoners located in the county jail recreation time as ordered by petitioner. We therefore deem it appropri-

ate to denominate the proceeding as one pursuant to CPLR article 78, and the petition makes out a cause of action for relief in the nature of mandamus against public officials and bodies.

Moving to the other issues raised in this proceeding, we find no merit to the Sheriff's challenge to the constitutionality of the grant of rule-making power to petitioner. The Correction Law is couched in sufficiently clear language. It sets out an explicitly stated statutory policy which gives appropriate standards and limitation to rules promulgated thereunder. In *McNulty v Chinlund* (62 AD2d 682, 687), this court held that "[t]he Legislature may constitutionally grant rule-making power to the discretion of others, provided it limits the field in which they are to operate and provides standards to govern its exercise". We thus reject the Sheriff's argument that Correction Law § 45 (6) sets inadequate guidelines. The rules and regulations made pursuant thereto are valid.

We also find no merit to the Sheriff's contention that petitioner exceeded the scope of its activity by regulating activity outside its delegated field of responsibility. It is argued that the standards require the abandonment or substantial alteration of existing correction facilities, which may be physically inadequate to meet the new standards, and that this infringes upon the statutory duty of the county to maintain the county jail and contradicts the right granted to counties in Correction Law § 500-a (5) to continue use of existing buildings as county jails. This issue has been resolved by our pronouncement in *McNulty v Chinlund (supra,* at 687), where we held that the State Legislature has the power to limit the rights granted to counties vis-à-vis county jails and that these can be limited, curtailed and abolished *(see, Matter of County of Cayuga v McHugh,* 4 NY2d 609). The Legislature, by the authority vested in petitioner to promulgate rules and regulations, has in fact limited the county's authority.

It follows from the foregoing that Supreme Court's judgment, directing the Sheriff to provide prisoners with outdoor recreation at the so-called Front Street facility, should be affirmed. However, Supreme Court erred, under our previous analysis, in dismissing the petition in all respects against the remaining respondents. As to those respondents, the full coercive relief requested by petitioner, requiring respondents, in effect, forthwith to take the necessary action to construct an outdoor recreational facility at the county jail, would be premature. It is true that mandamus may lie to enforce the clear and legal duty of local municipal officials, and also the

State, even when enforcement may ultimately entail the necessity of additional fiscal appropriations *(see, Klostermann v Cuomo,* 61 NY2d 525 [State]; *Matter of Dental Socy. v Carey,* 61 NY2d 330 [State]; *Matter of Baum v Town Bd.,* 98 AD2d 918, 919 [local government]).* Nonetheless, the courts are sensitive to separation of powers issues when the judicial branch orders executive or legislative action with significant fiscal implications. For this reason, it has been held that a judicial declaration of rights and obligations may be sufficient as a preliminary remedy, with the expectation of voluntary compliance by public officials once the substantive question of legal duty has been decided *(see, Klostermann v Cuomo, supra,* at 538-539; *Matter of Town of Mentz v Department of Transp.,* 106 AD2d 870, 872).

Moreover, even when a cause of action appropriate for mandamus relief has been established, whether mandamus should be granted is subject to equitable considerations, including feasibility and unnecessary hardship *(see, Matter of Coombs v Edwards,* 280 NY 361, 364-365; *Matter of Warehousemen's Assn. v Cosgrove,* 241 NY 580, 581; *Matter of Geller v Veteran,* 49 AD2d 574, *appeal dismissed* 38 NY2d 1003).

Because the judgment appealed from arose out of a motion by respondents to convert the matter from a CPLR article 78 proceeding to an action, apparently enlarged by the parties to addressing the substantive issues appearing on the face of the pleadings, the parties have not had the opportunity to develop a record on whether full coercive relief should be granted under the particular circumstances and the considerations previously discussed. Therefore, as to all of the remaining respondents except the Sheriff, the appropriate relief at this stage is to partially convert the proceeding to a declaratory judgment action, declare the validity and binding effect of petitioner's regulations upon respondents, and remit to Supreme Court for further proceedings so that the appropriateness of mandamus may be fully addressed, by motion for accelerated judgment or otherwise.

Judgment modified, on the law, without costs, by reversing so much thereof as granted respondents' motion to dismiss the proceeding as against respondents Broome County Executive, Chairperson of the Broome County Legislature, the Broome County Legislature and the County of Broome; said motion denied, it is declared that petitioner's regulations are valid and binding upon respondents, and matter remitted to the Supreme Court for further proceedings not inconsistent with

this court's decision; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Levine and Mercure, JJ., concur. *[See, 139 Misc 2d 1087.]*