■ In the Matter of DANIEL J. SLACK, Petitioner, v ARTHUR A. LEONARDO, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. [600 NYS2d 824] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

In this disciplinary proceeding petitioner raises two challenges: (1) whether the evidence presented against him constitutes substantial evidence in support of the determination that petitioner was out of place and had disobeyed a direct order from the correction officer who had denied petitioner's earlier request for a pass to the law library and had ordered him to return directly to his cell immediately after the sick call, and (2) were petitioner's due process rights violated in the tier II hearing.

We confirm. The misbehavior report, the testimony of correction officers and petitioner's own admissions substantiate that petitioner was in the law library after being ordered to return directly to his cell after sick call. The determination that petitioner disobeyed a direct order and was out of place was proven by substantial evidence.

Petitioner's contention that he had authorization to be where he was because he had a pass and that he had made prior arrangements to recover his identification from the law library does not justify his behavior. The pass he obtained was due to his deception. Incarcerated persons are obliged to follow the orders of facility personnel *(see, Matter of Rivera v Smith,* 63 NY2d 501, 515-516). Petitioner's concern about reclaiming his identification does not justify his disobedience.

Petitioner's allegation of bias against the Hearing Officer is not supported by the record. The various other procedural issues raised by petitioner are without merit and we decline to discuss them.

Yesawich Jr., Levine and Crew III, JJ., concur. Adjudged

that the determination is confirmed, without costs, and petition dismissed.