■ In the Matter of LESTER I. CRANDALL, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [631 NYS2d 448] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

On October 14, 1993, the inmate record coordinator at Coxsackie Correctional Facility in Greene County was shown an outgoing letter from petitioner with the words "Legal Mail" written on it which was addressed to "Beverly Grayson, Esq." Upon confirming that the addressee was not listed in the New York State Lawyer's Manual, the letter was inspected and it was revealed that petitioner had included in the envelope written material not specifically intended for the addressee (*see,* 7 NYCRR 720.3 [o]) and was actually writing to another inmate in violation of correspondence procedures which require advance approval (*see,* 7 NYCRR 720.3 [b] [3]; 720.6).

Thereafter, a misbehavior report dated October 14, 1993 charged petitioner with violating prison disciplinary rule 180.11, which requires compliance with facility correspondence procedures (*see,* 7 NYCRR 270.2 [B] [26] [ii]; *see also,* 7 NYCRR parts 720, 721). Petitioner was found guilty of this charge following a tier II disciplinary hearing and a penalty was imposed. Following the denial of petitioner's administrative appeal, he commenced this CPLR article 78 proceeding which was ultimately transferred to this Court.

We conclude that there is substantial evidence in the record to support the determination of guilt. The misbehavior report, hearing testimony and petitioner's own admissions with respect to his letter provided sufficient support for the finding that petitioner was circumventing standard procedures (*see, Matter of Slack v Leonardo*, 195 AD2d 892). Although petitioner maintains that the subject letter was a privileged legal communication, it is significant that petitioner never offered any evidence that the addressee actually was a lawyer and his statements at the hearing could be construed as an acknowledgment to the contrary.

We have examined petitioner's remaining arguments and

find them to be meritless. The hearing was timely completed following the procurement of a valid extension (*see*, 7 NYCRR 251-5.1 [b]) and petitioner has failed to demonstrate any prejudice to him as a result of the late filing of a certified hearing transcript. Although petitioner alleges bias and collusion on the part of a witness and the Hearing Officer, petitioner has similarly failed "to establish that the 'outcome of the hearing flowed from the alleged bias' " (*Matter of Cowart v Pico*, 213 AD2d 853, 855 *lv denied* 85 NY2d 812, quoting *Matter of Raqiyb v Coughlin*, 186 AD2d 328).

Cardona, P. J., White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.