■ In the Matter of MOISES ANDRADES, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, Department of Correctional Services, et al., Respondents. [649 NYS2d 833] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit smuggling, threats, engaging in or encouraging unauthorized organizational activities and "kiting".* Petitioner challenges this determination on the ground

* "Kiting" is a practice intended to circumvent prison rules against correspondence between inmates. It is accomplished by entering the name of the intended inmate-recipient in the return address space on an envelope and

that it was not based upon substantial evidence. Adduced in evidence against petitioner at the disciplinary hearing was the misbehavior report which charged that petitioner had attempted to "kite" a letter to a fellow inmate. Also in evidence was the envelope in question, bearing the name of another inmate as the return addressee, as well as the letter itself, in which the writer stated his intention to assault or stab a member of a rival prison gang. The correction officer who had written the misbehavior report testified that several factors linked petitioner to the letter, i.e., it was written in petitioner's handwriting; it was signed "King Big Chyna", petitioner's prison nickname; and it referred to the location of the writer's cell, which coincided with that of petitioner. We find that this constituted substantial evidence of petitioner's guilt (see, Matter of Crandall v Coughlin, 219 AD2d 762). We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Crew III, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

then deliberately misaddressing the envelope or placing insufficient postage on it, causing the post office to return the letter to the return addressee, the letter's intended recipient (see, Matter of Lucas v Scully, 71 NY2d 399, 403, 408-409).