■ In the Matter of NATHANIEL JACKSON, Petitioner, v LEONARD PORTUONDO, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [661 NYS2d 1021] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

The misbehavior report charging petitioner with circumventing correspondence procedures by attempting to kite* mail and by attempting to obtain free mailing privileges by means of placing a return address which included a name other than his own on an envelope to be mailed, together with petitioner's admissions that the two envelopes admitted in evidence at the disciplinary hearing were in his handwriting, provide substantial evidence supporting the determination of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Petitioner's explanations in defense of the charge simply presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Crandall v Coughlin*, 219 AD2d 823). Inasmuch as the record indicates that petitioner was afforded a fair and impartial hearing, we find his contention that the Hearing Officer was biased to be unpersuasive (*see, Matter of Reynoso v Coombe*, 234 AD2d 841, *lv denied* 89 NY2d 810). We reject petitioner's assertion of inadequate assistance, noting that petitioner initially expressed satisfaction with his representation and that he failed to demonstrate any prejudice resulting from the alleged inadequacies (*see, Matter of Parker v Laundree*, 234 AD2d 727, 728). Petitioner's remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., Mercure, White, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* "Kiting" is a practice of corresponding with other inmates by circumventing prison rules, usually accomplished by misaddressing an envelope on which there is no postage affixed and by placing the intended inmate's name in the return address space of the envelope, thereby causing the letter to be "returned" to the intended recipient at no cost (*see, Matter of Andrades v Selsky*, 233 AD2d 649, n).