■ STATE OF NEW YORK, Respondent, v. SAMFRED BELTLINE CORP., Appellant, and GENERAL TRANSPORT SERVICE CORP., Respondent. MAISLIN BROS. TRANSPORT, LTD., Respondent, v. M. FRED ROSENBLATT, as Administrator of the Estate of KATHLEEN M. ROSENBLATT, et al., Appellants.— AULISI, J. Appeal from a judgment of the Supreme Court, entered June 28, 1968 in Albany County, upon a verdict rendered at Trial Term in favor of both plaintiffs. The consolidated actions herein stem from an accident which occurred on the Northway on February 6, 1965, when a tractor-trailer, en route from East Rutherford, New Jersey to Montreal, Canada and traveling north in the northbound lane collided with an automobile, owned by the Samfred Beltline Corp. and operated at the time by Kathleen Rosenblatt, which was proceeding in a southerly direction in that lane. The tractor, owned by the General Transport Service Corp. and being driven by one Hebert, a General Transport driver, was at the time the incident occurred under lease to Maislin Bros., the owner of the trailer. Maislin Bros. instituted this action to recover the value of the transported cargo damaged as a result of the collision, while the State of New York sought recovery of the damage inflicted to its guardrails. The jury returned verdicts in favor

of both plaintiffs and also a verdict of no cause of action in favor of defendant, General Transport Service Corp. Upon this appeal, appellants challenge that portion of the court's charge to the jury which eliminated, as a matter of law, the issue of contributory negligence on the part of either plaintiff from the case. Broadly stated, the appellants relying upon a variety of theories, contend that the negligence, if any, of Hebert, the driver of the tractor was imputable to the plaintiff Maislin Bros., the owner of the trailer and lessee of the tractor, and that this issue should have been submitted to the jury for consideration. We need not and do not decide the questions propounded by appellants as to whether the issue of Hebert's alleged "special employee" status should have been submitted to the jury or the effect, if any, of the Interstate Commerce Commission Regulations upon the issue of imputed contributory negligence inasmuch as we find that upon no interpretation of the evidence would a jury find that Hebert was negligent. Confronted as he was, upon a high-speed thoroughfare by a vehicle traveling in the wrong direction, the action taken by him to avert the accident under the circumstances then existing was all that could be expected of a reasonable, prudent man under the circumstances. Appellants also contend that the measure of damages and the method employed by Maislin Bros. in proving these damages was improper. We do not agree. In each instance the loss sustained by Maislin Bros. was proven by the introduction of a canceled check evidencing the amount of payment made by Maislin Bros. to the third party. The bills of lading, shipper's export declarations and way-bills, introduced to demonstrate the basis for each expenditure, were properly admissible under the business records rule (CPLR 4518). The duty imposed upon Maislin Bros. as the injured party was to mitigate its damages and in this regard it was required to make reasonable efforts and to act as a reasonable, prudent man would under the circumstances (*Milton* v. *Hudson Riv. Steamboat Co.,* 37 N. Y. 210). The evidence clearly demonstrates that the course of action taken by Maislin Bros. in paying the number of claims which it was confronted with and which it was under a duty to pay met this requirement. Its reliance upon the selling price of the merchandise as stated by the consignor on the bills of lading, export declaration and way-bills was proper as these documents provided reliable information as to the value of the goods. Not only was the amount stated therein apparently the product of an arms length business transaction, but was also relied upon in setting freight and duty charges. In none of the other contentions advanced by the appellants do we find a sufficient reason for disturbing the determination herein. Judgment affirmed, with costs. Herlihy, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Aulisi, J.