## (December 17, 1976)

■ ALLISON LEWIS, Respondent, v JOSEPH BARSUK, Appellant.—Judgment unanimously reversed, with costs to defendant, and a new trial granted, Simons, J. not participating. Memorandum: Plaintiff, a masonry contractor, commenced this action seeking to recover money damages for certain improvements done under written and oral contracts to property owned by defendant. The jury subsequently returned verdicts in favor of plaintiff on each of his five causes of action and a judgment was entered in his favor for $22,972.14 including costs and interest. The verdict in plain-

tiff's favor on the first cause of action for money due under a written contract to construct an addition on defendant's warehouse must be reversed. In order to recover damages based upon substantial performance of a contract, plaintiff must establish that his departures from the building specifications were neither willful nor substantial in view of the entire project (Glacius v Black, 67 NY 563, 566; Nolan v Whitney, 88 NY 649, 650; cf. Jacob & Youngs v Kent, 230 NY 239). Plaintiff, however, failed to sustain this burden. The record indicates that plaintiff made at least six unauthorized deviations from the architect's plans, several of which could substantially affect the structural integrity of the addition. Furthermore, plaintiff failed to establish any value for the work which remained to be done at the time he was ordered off the job (see Spence v Ham, 163 NY 220, 226; Klinick v 66 East 80 Realty Corp., 15 Misc 2d 911, affd 9 AD2d 871). With respect to the second through fifth causes of action which, inter alia, sought damages for other improvements and repairs done under an oral "cost plus" contract, plaintiff offered into evidence certain invoices from various building supply houses in order to establish the cost of materials used on the projects. While these invoices were properly admitted into evidence as business records under CPLR 4518 (subd[a]), their probative value was limited to providing a basis for plaintiff's expenditures (see State of New York v Samfred Beltline Corp., 31 AD2d 865, 866). It was still incumbent upon plaintiff to establish that such expenditures were actually made and to prove the reasonable value of the items charged to "cost". The record fails to establish that the amounts stated in the invoices were the customary charge for such materials, that the invoices were paid and that no amount paid on account of the invoice was to be refunded to plaintiff (see, e.g., CPLR 4533-a). Nor did plaintiff sufficiently prove the cost of labor for these improvements. Although plaintiff did submit handwritten notes on this issue, this "work record" did not show complete calculations for the cost of labor, and plaintiff's recollection of grand totals did not suffice to establish individual charges relating solely to the oral contract. Inasmuch as the proof necessary to sustain each cause of action is available to plaintiff, a new trial is granted (Giglio v Haber, 19 AD2d 793). (Appeal from judgment of Genesee Supreme Court—breach of contract.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.