### FOURTH DEPARTMENT, JULY, 1979

### (July 6, 1979)

■ ALLISON LEWIS, Respondent, v JOSEPH BARSUK, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Judgment was entered in favor of plaintiff, a masonry contractor, in the total sum of $27,911.75 following jury verdicts awarding him damages on each of four causes of action for improvements made upon defendant's property pursuant to written and oral contracts. This court, for multiple reasons, reversed an earlier judgment in the same action but because "the proof necessary to sustain each cause of action [was] available to plaintiff", we granted a new trial (Lewis v Barsuk, 55 AD2d 817, 818). While it appears that judgment was entered upon the first trial on all five of plaintiff's causes of action, he offered no proof at the second trial on his claim for loss of tools and equipment. Additionally, while one of the bases for reversal of the earlier award to plaintiff on his first cause of action related to "at least six unauthorized deviations from the architect's plans" (Lewis v Barsuk, supra, p 818), defendant abandoned that defense on the second trial. Without recounting the several reasons which required the earlier reversal, it is sufficient to state that on the new trial plaintiff supplied every element of proof essential to sustain each cause of action upon which the jury returned its verdicts. We find no merit, however, to plaintiff's claim that our award of costs to the defendant on the first appeal should be vacated. (Appeal from judgment of Genesee Supreme Court—breach of contract.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Moule, JJ.

■ REED MURRAY, Appellant, v PHILLIP CAPOZZI, Respondent.—Order unanimously affirmed, with costs. Memorandum: In affirming we note that there was a lengthy delay of over four years from an adverse decision before commencement of this action for breach of contract. No appeal was taken, nor any motion made to vacate the judgment in the summary proceedings. We find that plaintiff never properly exercised the option to purchase. By his failure to act timely, he has waived any right under the terms of the lease. The prior determination and the lengthy acquiescence in it precludes him from raising it. (Appeal from order of Onondaga Supreme Court—summary judgment.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Moule, JJ.