In the Matter of ALBERT VICTORY et al., Appellants, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.

Third Department, April 4, 1991

## APPEARANCES OF COUNSEL

*David C. Leven* and *Patricia M. Kennedy* for appellants.

*Robert Abrams, Attorney-General (Patrick Barnett-Mulligan* and *Peter G. Crary* of counsel), for respondents.

## OPINION OF THE COURT

WEISS, J.

While outside Green Haven Correctional Facility in Dutchess County for dental treatment in 1978, petitioner Albert Victory, who was serving a 25-year to life sentence for the felony murder of a policeman, persuaded his guards to remove the shackles and permit him to enter a hotel room with his wife, petitioner Susan Black, for "some private time". Victory and Black escaped and remained at large until he was apprehended in California in 1981. While they were fugitives, a child was born to them in 1980. Black surrendered in 1984, pleaded guilty to the charge of obstructing governmental administration and was sentenced to a term of five years' probation. In July 1984, upon learning of the role Black played in the 1978 escape, the Superintendent of Auburn Correctional Facility in Cayuga County, where Victory was then located, determined that Black posed a security risk to the facility and denied permission for her to visit Victory. The determination was upheld on administrative appeal and affirmed after de novo review by respondent Commissioner of Correctional Services. No judicial review of the revocation of visitation privileges was sought. However, Victory's child has at all times been permitted to visit while escorted by an approved adult.

In a letter dated June 27, 1988 to respondent Superintendent of Shawangunk Correctional Facility in Ulster County, where Victory is currently located, Black sought reconsideration of the revocation of visiting privileges (7 NYCRR 200.5 [d]). The request to restore visiting privileges was denied but visitation by the child was continued. On appeal, respondent Deputy Commissioner of Correctional Services held that there was no right to appeal a determination upon reconsideration by the Superintendent which denied restoration of visiting privileges but advised that the regulations provided for reconsideration annually (7 NYCRR 200.5 [d]). Petitioners then commenced this CPLR article 78 proceeding seeking a declaration that respondents' conduct was violative of Victory's constitutional rights and for an order permitting visitation with Black and their child. Supreme Court dismissed the petition, finding that the denial was not irrational, and declined to reach the constitutional claims, noting that convicted felons had no fundamental constitutional right to visitation. This appeal followed.

■ Petitioners initially assert they have a fundamental right to visitation protected by the State Constitution.[1] They rely principally on *Cooper v Morin* (49 NY2d 69, *cert denied sub nom. Lombard v Cooper,* 446 US 984). The *Cooper* case held that a policy of noncontact visitation with respect to pretrial detainees is unreasonable unless supported by a strong showing of necessity *(see, McNulty v Chinlund,* 87 AD2d 707, 708). This court has recognized that there is a clear distinction between the rights of pretrial detainees and those of inmates involuntarily incarcerated for having been convicted of a crime *(Matter of Oakknoll v Coughlin,* 101 AD2d 931, 932). The holding in *Cooper* was explicitly limited to pretrial detainees who, unlike Victory, enjoy the presumption of innocence. We find no basis for a claim that convicted felons have a right to visitation protected by the State Constitution. Nor do we find that visitation privileges which are generally permitted within the State's correctional facilities give rise to a "legitimate expectation" which in turn attains to the level of a "protected interest" under the State Constitution *(see, Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 73-74). When access to a program is based upon objective criteria and enjoyment of participation is contingent

---

1. It appears that petitioners have abandoned their claim that the US Constitution creates a fundamental right of visitation for convicted felons *(see, Kentucky Dept. of Corrections v Thompson,* 490 US 454; *Matter of Doe v Coughlin,* 71 NY2d 48, 54-55, *cert denied* 488 US 879).

upon subjective factors, a "legitimate expectation" is not warranted and no constitutional right arises *(Matter of Doe v Coughlin,* 71 NY2d 48, 55).

■ Petitioners next contend that Supreme Court erred in denying their specific request for a hearing on what they characterize to have been controverted facts (CPLR 7804 [h]; *see, Matter of Church of Scientology v Tax Comm.,* 120 AD2d 376, *appeal dismissed* 68 NY2d 807, *lv dismissed* 69 NY2d 659). They seek to offer testimony from legal scholars, mental health professionals and other persons alleged to be similarly situated to demonstrate that respondents acted arbitrarily and capriciously. In reality, they seek to demonstrate that the balancing test discussed in *Cooper v Morin (supra)* would compel a different result.[2] Such issues and any available evidence should have been submitted at the administrative level. Nonetheless, in this case there is no dispute as to any of the factors upon which the denial of privileges was based. Victory and Black's undisputed history of crime and misconduct was sufficient to justify revocation of their visiting privileges and did not pose issues of fact which would require a trial before Supreme Court *(see, Matter of Major v Cohen,* 126 AD2d 205, 210).

■ We next find that the determination was rational and turn away petitioners' contention that it was arbitrary and capricious. Supreme Court concluded that petitioners' behavioral history established "a continual disregard of societal norms and an unwillingness to abide by the terms of * * * confinement". Victory's institutional record of misbehavior, his potential life sentence and his previous escape provided a rational basis for the determination that visitation with Black presented a security risk *(see, Matter of Doe v Coughlin,* 125 AD2d 783, 786-787, *affd* 71 NY2d 48, *cert denied* 488 US 879).

Finally, we reject petitioners' remaining contentions that the denial of visitation constitutes cruel and unusual punishment.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and CREW III, JJ., concur.

Judgment affirmed, without costs.

2. The Court of Appeals, in discussing the validity of the regimen imposed on pretrial detainees, held that the harm to the individual resulting from the condition imposed must be balanced against the benefit sought by the government through enforcement of the regulation prohibiting contact visitation *(Cooper v Morin, supra,* at 79).