■ In the Matter of LITTLE FLOWER CHILDREN'S SERVICES, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Order, Supreme Court, New York County (Carol H. Arber, J.), dismissing petitioner-appellant's CPLR article 78 petition to enjoin the continuance of a fair hearing pursuant to section 400 of the Social Services Law on the ground of lack of merit, and granting the cross-motion of respondents Warren and Theresa Dade for counsel fees to the extent of permitting such respondents' counsel to submit an affidavit with respect to legal fees generated as a result of the article 78 proceeding, with the provision that petitioner-appellant may respond within two weeks of receipt of such affidavit, unanimously affirmed, without costs.

This court concurs in the trial court's finding of lack of merit to the petition herein, on both substantive and procedural grounds. The plain meaning of Social Services Law § 400 allows for a fair hearing upon application of the foster parents whenever a child is removed from a foster family home (Smith v Organization of Foster Families, 431 US 816, 831, n 28). Additionally, the petition was untimely (CPLR 217), petitioner-appellant failed to exhaust its administrative remedy of seeking dismissal before the administrative tribunal involved (CPLR 7801 [1]; see also, Matter of Schuyler v State Univ., 31 AD2d 273), and petitioner-appellant's participation in the hearing it sought to enjoin constituted a waiver of any right to seek enjoinder (see, e.g., Murray v Capozzi, 71 AD2d 786).

As petitioner-appellant has no standing to assert any constitutional rights of respondent natural mother (see, Pierce v Society of Sisters, 268 US 510), petitioner-appellant's contention that its concern for the alleged right of the natural mother to receive notice of the subject hearing justifies its petition, fails.

We also find no merit to petitioner-appellant's argument that respondents New York City Department of Social Services and the natural mother should share in payment of any attorneys' fees awarded herein to respondents Warren and

Theresa Dade. The Department and the natural mother are not named petitioners, and the only papers filed by them in this matter are their respective Answers to the petition herein, filed by them as named respondents and setting forth their respective positions on the issues which, it is noted, are not opposed in theory to that of petitioner-appellant. Concur— Sullivan, J. P., Rosenberger, Ross, Asch and Smith, JJ.