■ In the Matter of VALERIE FLEMING et al., Petitioners, v THOMAS A. COUGHLIN, as Commissioner of the New York State Department of Correctional Services, Respondent. [634 NYS2d 890] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court,

entered in Ulster County) to review a determination of respondent which revoked the visitation privileges of petitioner Valerie Fleming.

Petitioner Jonathan Fleming (hereinafter Fleming) was an inmate at Shawangunk Correctional Facility in Ulster County when, in January 1993, his wife, petitioner Valerie Fleming (hereinafter petitioner), visited him for two days under the auspices of the Family Reunion Program (*see,* 7 NYCRR part 200). Fleming's urine tested negative for the presence of controlled substances prior to the two-day visit but tested positive for the presence of opiates immediately following the visit.

Following separate hearings, Fleming was found guilty of using controlled substances while petitioner was found guilty of bringing contraband into the facility which resulted in a permanent revocation of her visiting privileges. At petitioner's request, a review hearing was held which resulted in no change of this penalty. Respondent thereafter denied petitioner's administrative appeal and petitioner commenced this CPLR article 78 proceeding.

We confirm. The record contains substantial evidence to support respondent's determination that a preponderance of the evidence showed that petitioner had introduced contraband into the facility (*see,* 7 NYCRR 200.5 [c] [8]; *Matter of Acevedo v Coughlin,* 211 AD2d 931). Petitioner's assertion that Fleming had tested positive for opiates because of his ingestion of poppy seeds imbedded in rolls which she had brought on the visit was belied both by the medium high level of opiates found to be present in Fleming's urine and by the testimony of the correction officer who had examined petitioner's belongings prior to her admittance.

Petitioner's contention that she was never informed that poppy seeds were prohibited at the facility is irrelevant (*see, Matter of Gittens v Coughlin,* 184 AD2d 812) given the lack of proof that they were the cause of the medium high level of opiates found in Fleming's urine. Further, such contention merely presents an issue of credibility which was properly determined by the Hearing Officer (*see, Matter of Foster v Coughlin,* 76 NY2d 964).

As to the penalty of a permanent revocation of visitation privileges pursuant to 7 NYCRR 200.5 (f), we find such penalty to be within permissible guidelines, note that it is inapplicable with respect to visits by Fleming's children, and that an application for reinstatement may be made by petitioner after it has been in effect for more than one year.

Mercure, J. P., White, Casey and Spain, JJ., concur. Adjudged

that the determination is confirmed, without costs, and petition dismissed.