■ In the Matter of RONNIE COVINGTON, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [645 NYS2d 130] —Yesawich Jr., J.

Petitioner was an inmate at Great Meadow Correctional Fa-

cility in Washington County when he attempted to prepare pancakes in his cell by placing them on his metal cot and lighting a fire thereunder. The fire created a large amount of smoke before it was extinguished by correction officers.

At the tier III hearing that ensued, petitioner was found guilty of violating the prison disciplinary rule which prohibits inmates from starting fires unless directed to do so by facility staff. A penalty of 60 days' confinement in the special housing unit, together with a concomitant loss of privileges, was imposed. The determination was affirmed following an administrative appeal, and petitioner then commenced this CPLR article 78 proceeding.

Petitioner maintains that he was denied the right to a fair hearing on the ground, *inter alia*, that he was not assigned the inmate assistant of his choice. This argument is unavailing, however, in view of the fact that the appointed assistant had been selected by petitioner (who had failed to designate a second and third choice of assistant when initially given the opportunity to do so) after it was determined that his single, original choice was unavailable. Nor is there any basis for petitioner's contention that the assistance rendered was inadequate, for the record demonstrates that the inmate assistant obtained all of the available documents and witnesses requested by petitioner. Accordingly, petitioner's claim that he was denied meaningful representation is rejected (*see, Matter of Cowart v Pico*, 213 AD2d 853, 854-855, *lv denied* 85 NY2d 812).

As for petitioner's assertion that the determination was not based upon substantial evidence, it is equally meritless. The misbehavior report—which, standing alone, would have been "sufficiently relevant and probative" to support a finding of guilt (*Matter of Perez v Wilmot*, 67 NY2d 615, 616-617)—was corroborated by the testimony of the correction officer who prepared it, in which he recounted having seen petitioner lying on the floor of his cell, feeding paper into and blowing on a fire under his bed, as well as by that of a second correction officer, who testified to having seen the food, "like 3 pancakes", that petitioner was attempting to cook, and to having taken photographs of the resulting damage to petitioner's cell. This evidence provides ample basis for the Hearing Officer's conclusions (*see, Matter of Delgado v Coombe*, 223 AD2d 913); petitioner's declarations that the fire was accidental merely presented an issue of credibility which was appropriately determined by the Hearing Officer (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Fleming v Coughlin*, 222 AD2d 835, 836).

We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.