■ In the Matter of ERWIN J. KELLY, Petitioner, v NEW YORK STATE ETHICS COMMISSION, Respondent, and NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Appellant. [645 NYS2d 930] —Casey, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered November 29, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review an advisory opinion of respondent State Ethics Commission.

In December 1989 petitioner, an employee of respondent Public Employment Relations Board (hereinafter PERB), applied for membership on PERB's Mediation/Fact Finding Panel and Grievance Arbitration Panel to commence when his retirement became effective in January 1990. Petitioner's application was approved and ultimately he was appointed as fact finder in a contract bargaining impasse.

After his fact-finding report had been issued, petitioner requested an opinion from respondent New York State Ethics Commission as to whether his service on the panels conflicted with the "revolving door" provision of the Ethics in Government Act contained in Public Officers Law § 73 (8). The Commission issued an advisory opinion which concluded that petitioner violated Public Officers Law § 74 (3) (d) and (h), and that petitioner violated Public Officers Law § 73 (8) by serving on the panels within two years after he had retired. The Commission also recommended that PERB revise its internal policy concerning the appointment of former PERB employees to such panels.

Petitioner commenced this CPLR article 78 proceeding to annul the advisory opinion, naming the Commission and PERB as respondents. PERB answered and requested the same relief as sought by petitioner. Supreme Court dismissed the petition finding that the opinion of the Commission was not invalid. Petitioner filed a notice of appeal, but his appeal was never perfected. PERB also filed a notice of appeal.

PERB is not bound by the advisory opinion and was not aggrieved by it. PERB can still assemble panels and is not deprived of any right. The advisory opinion found an ethical violation by petitioner, a former PERB employee who served on PERB panels within two years of retirement. The opinion is final and binding only as it pertains to petitioner. Inasmuch as PERB is neither aggrieved nor bound by the advisory opinion it now seeks to rescind and annul, it has no standing to challenge the advisory opinion (see, Matter of DeLong, 89 AD2d 368, 370, lv denied 58 NY2d 606). Nor does PERB have standing to raise the issue of whether petitioner's due process rights were violated (see, Matter of Smith v Atlas Assembly/ Crawford Furniture Mfg. Corp., 216 AD2d 804, 806, lv denied 86 NY2d 711; Matter of Little Flower Children's Servs. v New York State Dept. of Social Servs., 173 AD2d 191). Accordingly, the appeal by PERB must be dismissed.

White, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the appeal is dismissed, without costs.