■ In the Matter of NADENE GREEN, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [647 NYS2d 130] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

In July 1994, petitioner was an inmate at Bedford Hills Correctional Facility in Westchester County when two misbehavior reports were filed against her, each charging petitioner with refusing to comply with a direct order. The first report relates that petitioner was acting in a disruptive manner at a building maintenance class when she was ordered by the facility's Education Supervisor (1) to go into a nearby office so he could speak with her, (2) to present her identification card, and (3) to return to her housing unit. Petitioner refused to comply with all three of these orders. The second report relates that on the day after the first incident, petitioner was again causing a disturbance in class, refusing to follow the instructor's directions and being verbally abusive to him. Summoned to the classroom by the instructor, the Education Supervisor ordered petitioner to return to her housing unit which petitioner again refused to do.

A disciplinary hearing resulted in a finding of guilt in regard to both charges of refusing to obey a direct order. Petitioner was sentenced to 10 days in the special housing unit on each charge. Both dispositions were affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding, seeking review of several other administrative determinations that had been rendered against her in the course of her incarceration at various State correctional facilities in addition to the determination described above. Supreme Court dismissed petitioner's challenges to all but the instant determination on the grounds of untimeliness, failure to exhaust administrative remedies, waiver and/or failure to state a cause of action. So much of the proceeding as related to the instant determination was transferred to this Court.

The determination finding petitioner guilty of both charges of refusing to obey a direct order was based upon substantial evidence. The two misbehavior reports in question were "sufficiently relevant and probative" to support the determination by themselves (*Matter of Perez v Wilmot*, 67 NY2d 615, 616-617; *see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). They were, in addition, bolstered by petitioner's own testimony in the course of which she conceded that she had disobeyed the orders in question because she found them to be unwarranted. To the extent that petitioner's testimony conflicts with the narration contained in the misbehavior reports, such conflict presents an issue of credibility which was appropriately determined by the Hearing Officer (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Fleming v Coughlin*, 222 AD2d 835). We find petitioner's remaining contentions to be either without merit or unpreserved for our review.

Mikoll, J. P., White, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.