■ In the Matter of ALEX BRUGMAN, Petitioner, v DONALD SELSKY, as Director of the Special Housing Unit for the Department of Correctional Services, Respondent. [647 NYS2d 129] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

In February 1995, petitioner was an inmate at Greenhaven Correctional Facility in Dutchess County when he was charged with assaulting a staff member and refusing to obey a direct order. According to the misbehavior report filed against him, petitioner and two other inmates had been jogging around the prison yard under the supervision of Correction Officers Wahlquist and Schrader when Schrader directed them to stay off the walkway and confine their jogging to the yard area. In response, petitioner and a second inmate ran up to Wahlquist, punching him in the head and trying to push him down on the ground. While Wahlquist attempted to subdue the second inmate, petitioner continued to strike him in the face and head. After the facility's response team arrived, petitioner unsuccessfully attempted to flee.

A tier III hearing ensued following which petitioner was found guilty of both charges of violating prison disciplinary rules. The penalty imposed, after reduction upon administrative appeal, was three years in the special housing unit with a concomitant loss of privileges and three years' recommended loss of good time. Petitioner then commenced the instant CPLR article 78 proceeding.

Petitioner contends that the determination of his guilt was not based upon substantial evidence. We disagree. The misbehavior report, written by Wahlquist as an eyewitness to the events in question, is "sufficiently relevant and probative"

to support the determination of guilt by itself (*Matter of Perez v Wilmot*, 67 NY2d 615, 616-617; *see*, *Matter of Foster v Coughlin*, 76 NY2d 964). It was, in addition, bolstered by the hearing testimony of Wahlquist and Schrader, both of whom gave consistent and detailed descriptions of petitioner's acts of misconduct. Such documentation and testimony constitute substantial evidence of petitioner's guilt (*see*, *Matter of Covington v Coughlin*, 228 AD2d 981; *Matter of Delgado v Coombe*, 223 AD2d 913). While petitioner asserts that he was not involved in the physical assault on the correction officers, this assertion raises an issue of credibility which was appropriately resolved by the Hearing Officer (*see*, *Matter of Foster v Coughlin*, *supra*, at 966; *Matter of Fleming v Coughlin*, 222 AD2d 835).

We have examined petitioner's remaining contentions and find them to be without merit. Cardona, P. J., Mercure, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.