■ In the Matter of LUIS VASQUEZ, Appellant, v PHILIP COOMBE, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [655 NYS2d 694] —Appeal from a judgment of the Supreme Court (Kahn, J.), entered April 4, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services partially suspending petitioner's visitation privileges.

Petitioner was an inmate at Shawangunk Correctional Facility in Ulster County when his visitation privileges with a woman known as Cynthia Rivera were suspended. Petitioner subsequently commenced this CPLR article 78 proceeding, contending that this constituted a violation of his constitutional rights. Supreme Court dismissed the petition and we affirm. Inmate visitation is not an interest protected by either the State or Federal Constitutions inasmuch as "denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence' " (*Kentucky Dept. of Corrections v Thompson*, 490 US 454, 461, quoting *Hewitt v Helms*, 459 US 460, 468; *see, Matter of Victory v Coughlin*, 165 AD2d 402, 404-405). Prison visitation rights are governed by 7 NYCRR 200.5, which invests each prison Superintendent with the discretion to suspend visitation privileges between an inmate and any visitor where there is reasonable cause to believe that the visitor poses a threat to prison security (*see*, 7 NYCRR 200.5 [a]). The record discloses that respondent Superintendent had received confidential written notification from the Deputy Commissioner of Correctional Services directing that Rivera was not to be admitted to the facility because she was believed to be engaged in activities that posed a threat to the security of the facility. We conclude that the decision to deny Rivera access to the facility as petitioner's visitor was in compliance with the relevant regulations.

Mikoll, J. P., Mercure, Crew III, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.