■ In the Matter of KEITH PLUMMER, Petitioner, v WAYNE BARKLEY, as Superintendent of Riverview Correctional Facility, Respondent. [669 NYS2d 251] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a disciplinary hearing, petitioner, an inmate at a State facility, was found guilty of refusing to obey a direct order and failing to comply with the disposition imposed at a prior prison disciplinary hearing, in violation of institutional rules. The record reveals that a prior disciplinary disposition required petitioner to serve seven days of work detail. The misbehavior report charged, and petitioner admitted, that on the third day of his seven-day work detail, petitioner did not complete that part of his work assignment requiring him to sweep and mop the floor and that he refused to obey the order of a correction officer to do so. We find that the foregoing constitutes substantial evidence to sustain the finding of guilt and accordingly confirm. Petitioner's explanation in defense of his actions, that he believed the disposition only required him to perform one task—as opposed to multiple tasks—per day, raised a credibility issue for the Hearing Officer to resolve (see, Matter of Foster v Coughlin, 76 NY2d 964, 966). In any event,

even if petitioner's interpretation of the disposition was accurate, as a prison inmate he was not at liberty to ignore the direct order of a correction officer (*see, Matter of Rivera v Smith*, 63 NY2d 501, 515-516). Inasmuch as petitioner failed to object to the sufficiency of the misbehavior report or the Hearing Officer's alleged bias at the hearing or on administrative appeal, such claims have not been preserved for our review (*see, Matter of Rossano v Goord*, 243 AD2d 773; *Matter of Thompson v Coombe*, 240 AD2d 977).

Cardona, P. J., Mikoll, White, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.