■ In the Matter of KERWIN JOHNSON, Petitioner, v GLENN S. GOORD, as Commissioner, Department of Correctional Services, et al., Respondents. [690 NYS2d 279] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits inmates from possessing unauthorized organizational material after a search of his cell uncovered a pamphlet from the "Black Liberation Army", which promotes

armed conflict to abolish the current system of government and its institutions, including prisons.[1] Petitioner challenges the determination of his guilt alleging that the Hearing Officer was biased and that the Hearing Officer's failure to investigate the fact that the package room let the material into the facility deprived him of an impartial hearing.[2]

Initially, we note that petitioner's claim of Hearing Officer bias based upon statements made during the hearing is not preserved for our review, having not been raised at the hearing or on administrative appeal (see, Matter of Soto-Rodriguez v Goord, 252 AD2d 782, 783; Matter of Plummer v Barkley, 247 AD2d 714, 715). Furthermore, we find no error in the Hearing Officer's conclusion that whether the pamphlet was received through the facility package room was immaterial to the charge. Even if petitioner received the pamphlet through the package room, under the circumstances presented here, how he came into possession of the pamphlet is not determinative of whether it constitutes gang-related material (compare, Matter of Morrero v Coombe, 236 AD2d 887). Accordingly, we find that petitioner was afforded a fair and impartial hearing.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

1. Two other charges pursuant to a second misbehavior report against petitioner were dismissed at the disciplinary hearing.

2. Having raised no substantial evidence claim in his brief, we deem that issue abandoned by petitioner (see, Matter of Roe v Selsky, 250 AD2d 935, 937).