■ In the Matter of BENJAMIN SERRANO, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [698 NYS2d 742] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As a result of a disturbance in the visiting room at the facility where petitioner is an inmate, he was charged in two separate misbehavior reports with violating several disciplinary rules based upon his alleged assault of two other inmates. After a tier III disciplinary hearing, petitioner was found guilty only of the fighting charge contained in one of the reports and, with regard to the other report, he was found guilty of assault, violent conduct, disturbance and a facility visitation violation. The determination was sustained on administrative appeal.

Contrary to petitioner's claim, the misbehavior reports and other documentary evidence, together with the videotape of the incident and hearing testimony, provide substantial evidence to support the determination (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139). The testimony of petitioner and other inmates which supports petitioner's claim that he assaulted no one and merely restrained one inmate from continuing an attack on another presented a question of credibility for the Hearing Officer to resolve (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). What petitioner describes as conflicts or inconsistencies in the evidence merely reflect the fact that various witnesses observed only parts of the incident.

Inasmuch as petitioner failed to object to the sufficiency of the misbehavior reports at the hearing or the administrative appeal, that claim has not been preserved for our review (*see, Matter of Plummer v Barkley*, 247 AD2d 714). With respect to petitioner's claim that he was denied adequate employee assistance, the inadequacies complained of were addressed at the hearing and, in the absence of any demonstration of prejudice, the claim is rejected (*see, Matter of Johnson v Coombe*, 228 AD2d 755). We also reject petitioner's charge of Hearing Officer bias. The fact that the Hearing Officer presided over another hearing involving the same incident does not establish bias where, as here, the record demonstrates that the Hearing Officer relied only on the proof presented at petitioner's hearing (*see, Matter of Lyde v Senkowski*, 239 AD2d 714, 715). Absent evidence that the outcome of the hearing flowed from any alleged bias, petitioner's allegations of bias are insufficient (*see, Matter of Crandall v Coughlin*, 219 AD2d 762, 763). Petitioner's remaining procedural arguments do not warrant further discussion.

The penalty, which includes 60 months in the special housing unit, is severe but, considering the seriousness of the charges, the threat to institutional safety and security, and petitioner's history of violent behavior as an inmate, it is not so disproportionate as to shock one's sense of fairness (*see, Matter of Spencer v Goord*, 245 AD2d 827, 828, *lv denied* 91 NY2d 811; *Matter of Serra v Selsky*, 223 AD2d 845). Furthermore the facility Superintendent had the authority to suspend petitioner's visitation privileges prior to the hearing as he had reasonable cause to believe that such action was necessary to maintain safety, security and good order (*see*, 7 NYCRR 200.5 [a]). In sum, there is no basis to disturb the determination.

Cardona, P. J., Mikoll, Mercure and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.