■ In the Matter of JOSEPH EULO, Individually and on Behalf of JANMARIE EULO, Appellant, v H. WALKER, as Superintendent of Auburn Correctional Facility, et al., Respondents. [714 NYS2d 827] —Appeal from a judgment of the Supreme Court (Berke, J.), entered December 1, 1999 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services revoking Janmarie Eulo's visitation privileges.

Petitioner, an inmate incarcerated at a State correctional facility, commenced this CPLR article 78 proceeding individually and on behalf of his spouse, Janmarie Eulo, challenging a determination revoking Eulo's visitation privileges based upon a finding that she smuggled contraband into the facility. Supreme Court dismissed the petition, finding that petitioner lacked standing to commence the proceeding because he was not aggrieved by the determination and was without authority to act in a representative capacity on behalf of Eulo. Petitioner appeals and we affirm.

Petitioner lacked standing to commence this proceeding on his own behalf because, although he was indirectly affected by the determination revoking Eulo's visitation privileges, he was not "aggrieved" thereby; petitioner has no real legal interest in the visitation privileges belonging to another individual and the determination has no direct and binding force against petitioner's own privilege to receive visitors (*see generally*, *Matter of Kelly v New York State Ethics Commn.*, 229 AD2d 848, 849; *Matter of DeLong*, 89 AD2d 368, 370, *lv denied* 58 NY2d 606). Moreover, although Eulo was aggrieved by the determination and is named as a petitioner in the caption of the petition, petitioner lacks standing to complain of constitutional deprivations allegedly occurring to Eulo during the course of the administrative hearing (*see generally*, *Matter of Judge Rotenberg Educ. Cent. v Maul*, 230 AD2d 278, 281, *lv dismissed and denied* 90 NY2d 932; *Matter of Estate of Smith v Atlas Assembly / Crawford Furniture Mfg. Corp.*, 216 AD2d 804, *lv denied* 86 NY2d 711; *Matter of Eaton Assocs. v Egan*, 142 AD2d 330). Accordingly, Supreme Court properly dismissed the petition without considering the merits.

Cardona, P. J., Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.