■ In the Matter of JOSE ENCARNACION, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [778 NYS2d 562]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with violating prison disciplinary rules prohibiting possession of money, promoting prison contraband, smuggling, solicitation and conspiring to introduce drugs into the correctional facility where he was incarcerated. The charges arose from an ongoing investigation conducted by prison officials which revealed that petitioner and 14 other inmates had been sending money to petitioner's fiancée in exchange for quantities of heroin. Following a tier III hearing, at which petitioner pleaded guilty to all but the drug offense, he was found guilty of all charges. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

The two misbehavior reports, confidential evidence detailing a number of suspicious transactions conducted between petitioner, his fiancée and other inmates, petitioner's admitted refusal to submit to a urinalysis test, positive drug tests of other inmates and petitioner's admissions constitute substantial evidence of petitioner's guilt (see Matter of Handley v Selsky, 282 AD2d 798, 799 [2001]; Matter of Kayshawn v Selsky, 277 AD2d 611, 611 [2000]). We find that the confidential information was properly assessed by the Hearing Officer for its reliability and credibility and, further, that the security-related

reasons for denying petitioner access to such evidence were properly explained to him (see Matter of Simpson v Goord, 308 AD2d 641, 642 [2003], lv denied 2 NY3d 704 [2004]; Matter of McGoey v Selsky, 260 AD2d 814, 816 [1999]). Petitioner's explanation that he was a "bookie" for a small-scale prison gambling ring and that he found the $40 that he sent to his fiancée presented a credibility issue which the Hearing Officer was entitled to resolve against him (see Matter of Sartori v Selsky, 297 AD2d 839, 840 [2002]).

Addressing petitioner's procedural claims, we reject his argument that he was improperly denied access to documents detailing the drug test results of other inmates suspected of buying heroin from petitioner. As petitioner never raised an objection in this regard at the hearing, this claim is unpreserved for our review (see Matter of Benton v Couture, 269 AD2d 642, 643 [2000]). In any event, this information was part of the confidential evidence considered by the Hearing Officer and, as such, petitioner was not entitled access to it (see Matter of Ruiz v Goord, 289 AD2d 810, 811 [2001]). Petitioner's claim that the penalty provision suspending his visitation privileges violated his constitutional rights is equally without merit. Inmate visitation is not a liberty interest entitled to the protection of either the federal or state constitutions (see Kentucky Dept. of Corrections v Thompson, 490 US 454, 461 [1989]; Matter of Vasquez v Coombe, 238 AD2d 631, 631 [1997]). Moreover, the record indicates that respondent had reasonable cause to believe that continued visitation between petitioner and his fiancée would pose a serious threat to prison security; thus, the denial of visitation was justified (see 7 NYCRR 200.5 [a], [c]; Matter of Serrano v Goord, 266 AD2d 661, 662 [1999], lv denied 94 NY2d 762 [2000]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.