■ In the Matter of HASAUN GRIGGER, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [811 NYS2d 161]—

Appeal from a judgment of the Supreme Court (Canfield, J.), entered March 7, 2005 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the proceeding for lack of standing.

On March 7, 2004, petitioner's mother went to visit petitioner at the correctional facility where he was incarcerated, but was denied entry after she tested positive for contact with cocaine on an ion scanner used to screen visitors. Petitioner filed a grievance as a result, which was ultimately denied by the Central Office Review Committee following a hearing. He then commenced this CPLR article 78 proceeding. Respondent, in turn, moved to dismiss the petition on various procedural grounds. Supreme Court granted the motion and dismissed the petition on the basis that petitioner lacked standing. Petitioner appeals.

While prison inmates do not have a right to visitation that is protected by the federal or state constitution (*see Matter of Encarnacion v Goord*, 8 AD3d 850, 852 [2004]), the privilege of visitation afforded by the applicable regulations (*see* 7 NYCRR 200.1-200.5) can be restricted only as described in 7 NYCRR 200.5, and both visitors and inmates have the right to administrative and judicial review of such a restriction (*see* 7 NYCRR 200.5 [b]; *see also Matter of Serrano v Goord*, 266 AD2d 661, 662 [1999], *lv denied* 94 NY2d 762 [2000]). The basis for standing to seek judicial review of such a restriction, however, is an injury in fact caused by the action or policy in question (*see*

*Matter of Hebel v West*, 25 AD3d 172 [2005]; *Matter of Gilkes v New York State Div. of Parole*, 192 AD2d 1041, 1042 [1993], *lv denied* 82 NY2d 654 [1993]). Petitioner does not and cannot claim standing based upon his loss of visitation privileges with his mother because it was her ability to visit, rather than his own privilege of receiving her as a visitor, that was restricted after the ion scanner found traces of cocaine on her person (*see Matter of Eulo v Walker*, 277 AD2d 547, 547 [2000]; *Matter of Gomez v Hollis*, 277 AD2d 551, 552 [2000]). Although he was indirectly affected by that incident, petitioner cites no actual or reasonably probable occasion when use of the scanner has or will deprive him of his own visitation privileges. In the absence of a qualifying injury, Supreme Court correctly found that petitioner failed to establish his standing to challenge the use of the ion scanner.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.