■ In the Matter of MARY JANEAN SYLVESTER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [828 NYS2d 729]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which revoked petitioner's visitation privileges.

In 2004, petitioner concealed three cell phones inside of a typewriter and mailed them to Great Meadow Correctional Facility in Washington County to be used by her husband and two other prison inmates. After an investigation, petitioner's visitation privileges were revoked. She thereafter requested a hearing and, as a result, respondent Commissioner of Correctional Services affirmed the penalty imposed.* Petitioner now brings this CPLR article 78 proceeding challenging that determination.

We confirm. Petitioner's admission that she mailed the cell phones to the facility, the confidential information indicating that the cell phones were intended to be used in connection with an escape and an investigator's testimony regarding the serious threats that cell phones pose to the safety and security of the facility provide substantial evidence to support the Commissioner's determination (*see Matter of Fleming v Coughlin*, 222 AD2d 835, 836 [1995]). Petitioner's contrary testimony that she did not intend to facilitate an escape attempt but, instead,

---

* In addition, petitioner pleaded guilty in a separate criminal proceeding to attempted promoting prison contraband in the first degree and was sentenced to five years of probation. One condition of her probation was that she not enter any state correctional facility.

simply sought to reduce the cost of her husband's facility phone bill is irrelevant.

Furthermore, we reject petitioner's assertion that, because the incident in question did not occur during a personal visit, her visitation privileges cannot be revoked. Visitation privileges may be revoked when there is "reasonable cause to believe that such action is necessary to maintain the safety, security, and good order of the facility" (7 NYCRR 200.2 [b] [2]). Moreover, there is no express requirement that the actions which lead to the revocation take place during an actual visit.

As a final matter, we note that petitioner, at the conclusion of her five-year probation period, may request reconsideration of the revocation on an annual basis (see 7 NYCRR 200.5 [d]).

Each of the remaining arguments raised by petitioner in her pro se brief has been considered and found to be without merit.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

