■ In the Matter of JEFFREY MINEO, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [868 NYS2d 402]—

Cardona, P.J.

When petitioner's spouse, Patricia Mineo, appeared for a scheduled visit with petitioner at Upstate Correctional Facility in Franklin County, she was detained and questioned by an investigator from the Inspector General's office. During questioning, Mineo admitted that she was carrying drugs that she intended to pass to petitioner during their scheduled visit. Mineo then surrendered three balloons containing substances that later tested positive for heroin and marihuana. At the time of the incident, petitioner was held in the special housing unit. The correctional facility's superintendent thereafter revoked the visitation privileges of both petitioner and Mineo citing,

among other things, Mineo's admission that she brought drugs into the facility for petitioner on prior occasions and petitioner's extensive history of drug-related disciplinary infractions while incarcerated. Petitioner's administrative appeal of that determination proved unsuccessful, prompting him to commence this proceeding pursuant to CPLR article 78.*

To the extent that petitioner challenges the revocation of Mineo's visitation privileges, we note that petitioner lacks standing to do so (*see Matter of Eulo v Walker*, 277 AD2d 547 [2000]; *see also Matter of Grigger v Goord*, 27 AD3d 803, 803-804 [2006], *lv denied* 7 NY3d 702 [2006]). Additionally, although petitioner claims that he was denied his due process rights by the revocation of his visiting privileges, "[i]nmate visitation is not a liberty interest entitled to the protection of either the federal or state constitutions" (*Matter of Encarnacion v Goord*, 8 AD3d 850, 852 [2004]; *see Matter of Grigger v Goord*, 27 AD3d at 803; *Matter of Vasquez v Coombe*, 238 AD2d 631 [1997]). We note that, as relevant here, the rights of an inmate confined to a special housing unit are set forth in 7 NYCRR 302.2.

Turning to the denial of petitioner's visitation, the regulations provide that visitation privileges for an inmate who is in a special housing unit may be revoked when the superintendent of the correctional facility deems it necessary "to maintain the safety, security or good order of the department or its . . . facility]" (7 NYCRR 302.2 [i] [1] [ii]). In light of petitioner's demonstrated history of drug-related disciplinary infractions and Mineo's written statement, wherein she admitted that she brought drugs to the facility at petitioner's request, intended to smuggle those drugs to him during a visit and had done so on approximately 10 prior occasions, the facility superintendent had reasonable cause to conclude that petitioner's visiting privileges should be revoked in order to maintain the safety, security and good order of the facility (*see* 7 NYCRR 302.2 [i] [1] [ii]; *see also Matter of Sylvester v Goord*, 37 AD3d 888, 889 [2007], *lv denied* 8 NY3d 812 [2007]). Contrary to petitioner's assertion, there is no requirement that the offending conduct take place during an actual visit (*see Matter of Sylvester v Goord*, 37 AD3d at 889).

Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Carpinello, Kavanagh and Stein, JJ., concur. Adjudged

---

* Although petitioner also was the subject of a separate disciplinary proceeding regarding this incident, he confines his present argument to challenging the revocation of his visitation privileges.

that the determination is confirmed, without costs, and petition dismissed.