Matter of Suttles v Annucci (2019 NY Slip Op 07976)





Matter of Suttles v Annucci


2019 NY Slip Op 07976


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

528589

[*1]In the Matter of Shalonda Suttles, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision et al., Respondents.

Calendar Date: October 7, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Shalonda Suttles, Buffalo, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision suspending petitioner's prison facility visitation privileges.
During the course of an investigation, correction officials determined that petitioner and her husband, a prison inmate, were conspiring to bring contraband into a correctional facility. As a result, respondent Superintendent of Elmira Correctional Facility suspended petitioner's visitation privileges indefinitely. Upon petitioner's written appeal, her suspension was affirmed, but it was limited to two years. Petitioner then commenced this CPLR article 78 proceeding challenging the suspension.
We confirm. Initially, the determination that a preponderance of the evidence showed that petitioner conspired to introduce contraband into the facility (see 7 NYCRR 201.4 [b] [2] [ii] [b]; [c] [1] [iv]) is supported by substantial evidence in the record and will not be disturbed (see Matter of Fleming v Coughlin, 222 AD2d 835, 836 [1995]). Petitioner's claims that her constitutional rights were violated are without merit. We note that "inmate visitation is not a liberty interest entitled to the protection of either the federal or state constitutions" (Matter of Encarnacion v Goord, 8 AD3d 850, 852 [2004]; see Matter of Mineo v Fischer, 57 AD3d 1033, 1034 [2008]; Matter of Victory v Coughlin, 165 AD2d 402, 404-405 [1991]). Moreover, the record reflects that petitioner was advised in writing by the Superintendent at the time the indefinite suspension was imposed that she could either file a written appeal of the suspension or request a hearing, at which she would be provided an opportunity to present evidence and call witnesses (see 7 NYCRR 204.1 [c] [1] [ii]; 201.5). Petitioner opted to file a written appeal and cannot now complain of the lack of an opportunity to be heard.
Garry, P.J., Mulvey and Devine, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.