Matter of Sam v Annucci (2021 NY Slip Op 01595)





Matter of Sam v Annucci


2021 NY Slip Op 01595


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


228 TP 20-01291

[*1]IN THE MATTER OF ANNMARIE SAM, PETITIONER,
v
ANTHONY J. ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






ANNMARIE SAM, PETITIONER PRO SE.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BEEZLY J. KIERNAN OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Frank A. Sedita, III, J.], entered September 10, 2020) to review a determination of respondent. The determination suspended indefinitely the prison visitation privileges of petitioner. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination suspending indefinitely her prison facility visitation privileges. The suspension of petitioner's privileges was based on the allegation that, while petitioner and her eight-year-old grandchild were visiting petitioner's husband, who is an inmate, petitioner inappropriately touched her husband's leg and groin area and that her husband assaulted and injured several staff members who terminated the visit and removed him from the visitation area.
As an initial matter, petitioner did not request a hearing to appeal the determination suspending her visitation privileges and instead proceeded on written submissions only (see 7 NYCRR 201.4 [c] [1] [ii]-[iv]). Absent a hearing, our standard of review is not whether the determination is supported by "substantial evidence" (CPLR 7803 [4]) but rather whether it was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed" (CPLR 7803 [3]; cf. Matter of Suttles v Annucci, 177 AD3d 1062, 1062 [3d Dept 2019]). Thus, this proceeding does not raise a substantial evidence issue, and Supreme Court therefore should not have transferred the proceeding to this Court (see Matter of Occupational Safety & Envtl. Assoc., Inc. v New York State Dept. of Economic Dev., 161 AD3d 1582, 1582 [4th Dept 2018], lv denied 32 NY3d 904 [2018]). Nevertheless, we address the merits of petitioner's contentions in the interest of judicial economy (see id.).
Contrary to petitioner's contention, the determination indefinitely suspending her visitation privileges should be confirmed. The misbehavior reports in the record state that a correction officer observed petitioner's husband inappropriately touching petitioner, warned him to stop, and later observed petitioner inappropriately touching her husband; it is undisputed that petitioner's eight-year-old grandchild was present during the visit. The misbehavior reports also reflect that petitioner's husband began assaulting correction officers once they terminated the visit due to the inappropriate touching. Based on those reports, the determination to indefinitely suspend petitioner's visitation privileges was not arbitrary and capricious (see CPLR 7803 [3]; see generally Matter of Guesno v Village of E. Rochester, 118 AD3d 1460, 1460-1461 [4th Dept 2014]). We note that 7 NYCRR 201.4 (e) (3) provides that a visitor's privileges may be indefinitely suspended if the "visitor and/or inmate" assaults facility staff, and thus it is immaterial that petitioner herself did not participate in the assault. Further, although petitioner [*2]contends that her husband's conduct toward the correction officers did not occur until after the visit had ended, the record reflects that the conduct was directly related to the inappropriate contact the correction officers observed between petitioner and her husband during the visit, and "there is no express requirement that the actions which lead to the revocation take place during an actual visit" (Matter of Mary X. v Goord, 37 AD3d 888, 889 [3d Dept 2007], lv denied 8 NY3d 812 [2007]).
We reject petitioner's contention that the indefinite suspension of her visitation privileges was not permitted under applicable regulation. A visitor's privileges may be suspended "for a term of six months or more, up to and including an indefinite suspension pending reinstatement . . . for misconduct that represents a serious threat to the safety, security, and good order of the facility as specified in subdivision (e) of [7 NYCRR 201.4]" (7 NYCRR 201.4 [c]). As relevant here, 7 NYCRR 201.4 (e) (3) authorizes an indefinite suspension if the "visitor and/or inmate engage in unacceptable physical conduct," depending on the egregiousness of the offense, the surrounding circumstances, and past instances of misconduct. That provision also permits an indefinite suspension of a visitor's privileges if the "visitor and/or inmate" assaults facility staff. Based on the evidence and circumstances of this case, we conclude that the indefinite suspension was authorized.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court